IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY DEATON, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| TRANS UNION, LLC, | ) ) |
| Defendant. | ) |

**CLASS ACTION COMPLAINT**

NOW COMES the Plaintiff, KIMBERLY DEATON, by and through her attorneys, FRANCIS MAILMAN SOUMILAS, P.C., and SMITHMARCO, P.C., suing on behalf of herself and all other similarly situated, and for her complaint against TRANS UNION, LLC, Plaintiff states as follows:

**I.    PRELIMINARY STATEMENT**

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

2. This is a consumer class action for actual and statutory damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, et. seq. Plaintiff brings this action on behalf of consumers throughout the country who have submitted a dispute to Trans Union, LLC regarding Tran Union's erroneous reporting of account information and received investigation results from Trans Union that failed to: (i) provide the consumer with the correct name and address of the business that furnished the inaccurate information and conducted the investigation into the consumer's dispute, and (ii) provide the consumer with notice that, if requested by the consumer,

1

Trans Union would provide the consumer with the correct name and address of the business that furnished the inaccurate information and conducted the investigation into the consumer's dispute.

## II. JURISDICTION & VENUE

3. Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## III. PARTIES

5. KIMBERLY DEATON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of South Bend, County of St. Joseph, State of Indiana.

6. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692(a)(3) and 15 U.S.C. §1681a(c).

7. TRANS UNION, LLC, (hereinafter, "Defendant"), is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Pennsylvania, is a citizen of the state of Pennsylvania.

8. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

9. At all relevant times Defendant was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

## IV. ALLEGATIONS

10. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

11. Trans Union has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties.

12. The inaccurate information of which Plaintiff complains includes accounts, or trade-lines, named United Student Aid Funds, with truncated account numbers: (i) 1945012***; (ii) 2945012***; and, (iii) 3945012*** (hereinafter, "the disputed accounts").

13. Specifically, Plaintiff asserts that the disputed accounts were discharged in or around 2014, due to disability and, as a result, any indebtedness against the accounts was cancelled.

14. Despite the foregoing, Trans Union has disseminated credit reports and/or information that the disputed accounts are past due and in collections.

15. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

16. The disputed accounts have been reported by Trans Union, listing the "Original Creditor" as "Navient Education Loan Corporation (hereinafter, "Navient")."

17. Given the foregoing, the logical inference is that Navient Education Loan Group is not the current creditor for the accounts in dispute.

18. Given the foregoing, and given the fact that Trans Union has reported the accounts under the name "United Student Aid Funds," the logical inference is that United Student Aid Funds is the current creditor of the accounts in dispute.

19. Trans Union has reported the disputed accounts by listing United Student Aid Funds as the furnisher of the information for the disputed accounts.

20. Trans Union has prepared and sold credit reports containing the inaccurate information to various persons and credit grantors, both known and unknown.

21. On or about January 15, 2018, Plaintiff disputed the inaccurate information to Trans Union by communication to its representatives, identifying the United Student Aid Funds disputed

accounts, and by following Trans Union's established procedure for disputing consumer credit information.

22. Furthermore, Plaintiff enclosed with her written dispute to Trans Union of January 15, 2018 documents and other information that either proved that the disputed accounts were being reported inaccurately or, at the very least, provided evidence that supported Plaintiff's contentions that the disputed information was inaccurate.

23. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Trans Union, Trans Union notified Navient of Plaintiff's dispute and the nature of the dispute.

24. Despite Trans Union's reporting of the disputed accounts as credit information being reported to Trans Union by United Student Aid Funds, and despite the fact that Plaintiff disputed the accounts by identifying them as United Student Aid Funds accounts, Trans Union notified Navient rather than United Student Aid Funds of Plaintiff's dispute.

25. Plaintiff was unaware that Trans Union had submitted notice of her dispute to Navient rather than United Student Aid Funds.

26. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Trans Union on or about January 15, 2018, Navient received notification from Trans Union of Plaintiff's dispute and the nature of the dispute.

27. Upon information and belief, Trans Union received the results of Navient's investigation as to Plaintiff's dispute.

28. Upon information and belief, Trans Union updated the reporting of the account(s) at issue solely based upon the information it received from Navient in response to Plaintiff's dispute.

29. On February 4, 2018, Trans Union sent Plaintiff the results of its investigation into Plaintiff's dispute.

30. On or about March 19, 2018, Plaintiff again disputed the inaccurate information to Trans Union by communication to its representatives, identifying the United Student Aid Funds disputed accounts, and by following Trans Union's established procedure for disputing consumer credit information.

31. Furthermore, Plaintiff enclosed with her written dispute to Trans Union of March 19, 2018 documents and other information that either proved that the disputed accounts were being reported inaccurately or, at the very least, provided evidence that supported Plaintiff's contentions that the disputed information was inaccurate.

32. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Trans Union, Trans Union notified Navient of Plaintiff's dispute and the nature of the dispute.

33. Despite Trans Union's reporting of the disputed accounts as credit information being reported to Trans Union by United Student Aid Funds, and despite the fact that Plaintiff disputed the accounts by identifying them as United Student Aid Funds accounts, Trans Union notified Navient rather than United Student Aid Funds of Plaintiff's dispute.

34. Plaintiff was unaware that Trans Union had submitted notice of her dispute to Navient rather than United Student Aid Funds.

35. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Trans Union on or about March 19, 2018, Navient received notification from Trans Union of Plaintiff's dispute and the nature of the dispute.

36. Upon information and belief, Trans Union received the results of Navient's investigation as to Plaintiff's dispute.

37. Upon information and belief, Trans Union updated the reporting of the account(s) at issue solely based upon the information it received from Navient in response to Plaintiff's dispute.

38. On April 11, 2018, Trans Union sent Plaintiff the results of its investigation into Plaintiff's dispute.

39. On or about May 17, 2018, Plaintiff disputed the inaccurate information to Trans Union by communication to its representatives, identifying the United Student Aid Funds disputed accounts, and by following Trans Union's established procedure for disputing consumer credit information.

40. Furthermore, Plaintiff enclosed with her written dispute to Trans Union of January 15, 2018 documents and other information that either proved that the disputed accounts were being reported inaccurately or, at the very least, provided evidence that supported Plaintiff's contentions that the disputed information was inaccurate.

41. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Trans Union, Trans Union notified Navient of Plaintiff's dispute and the nature of the dispute.

42. Despite Trans Union's reporting of the disputed accounts as credit information being reported to Trans Union by United Student Aid Funds, and despite the fact that Plaintiff disputed the accounts by identifying them as United Student Aid Funds accounts, Trans Union notified Navient rather than United Student Aid Funds of Plaintiff's dispute.

43. Plaintiff was unaware that Trans Union had submitted notice of her dispute to Navient rather than United Student Aid Funds.

44. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Trans Union on or about May 17, 2018, Navient received notification from Trans Union of Plaintiff's dispute and the nature of the dispute.

45. Upon information and belief, Trans Union received the results of Navient's investigation as to Plaintiff's dispute.

46. Upon information and belief, Trans Union updated the reporting of the account(s) at issue solely based upon the information it received from Navient in response to Plaintiff's dispute.

47. On June 11, 2018, Trans Union sent Plaintiff the results of its investigation into Plaintiff's dispute.

48. At the time that Trans Union provided Plaintiff with the results of its investigation into Plaintiff's disputes, on February 4, 2018, April 11, 2018, and June 11, 2018, Trans Union was also required by 15 U.S.C. §1681i(a)(6)(B)(iii) to provide Plaintiff with a notice that, if requested by Plaintiff, a description of the procedure used to determine the accuracy and completeness of the information shall be provided to Plaintiff by Trans Union, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number of such furnisher, if reasonably available.

49. Trans Union did not provide the aforesaid notice to Plaintiff.

50. Seemingly, in lieu of the aforesaid required notice, Trans Union provided investigation results to Plaintiff with a description of the procedure used to determine the accuracy and completeness of the information, and provided what it purported to be the business name,

address, and telephone number of the furnisher of information that it contacted as part of its investigation into Plaintiff's disputes.

51. Trans Union identified the source of the information for the disputed accounts as United Student Aid Funds.

52. Trans Union did not contact United Student Aid Funds as part of its investigation into Plaintiff's dispute.

53. United Student Aid Funds did not provide any information to Trans Union with respect to Plaintiff's disputes.

54. Trans Union contacted Navient regarding the disputed accounts identified as being furnished by United Student Aid Funds.

55. Trans Union notified Navient of Plaintiff's disputes.

56. As part of its investigations into Plaintiff's disputes of January 15, 2018, March 19, 2018, and May 17, 2018, Trans Union sent Navient notice of Plaintiff's disputes by sending Navient Automated Consumer Dispute Verification (hereinafter, "ACDV") forms to which Navient reviewed and responded.

57. At no time during the course of its investigations into Plaintiff's disputes did Trans Union provide notice to United Student Aid Funds of Plaintiff's disputes.

58. Navient provided Trans Union with all of the information regarding the United Student Aid Funds accounts disputed by Plaintiff.

59. United Student Aid Funds did not provide Trans Union with account information regarding the disputed accounts.

60. Trans Union did not send United Student Aid Funds any ACDV's as part of its investigation into Plaintiff's disputes.

61. Navient was the source of the information that Trans Union reported regarding the disputed accounts, not United Student Aid Funds.

62. Navient was the business entity responsible for investigating Plaintiff's disputes, not United Student Aid Funds.

63. Defendant has reported the disputed accounts to reflect that United Student Aid Funds was the entity responsible for furnishing the account information to Defendant.

64. Defendant's reporting of the disputed accounts to reflect that United Student Aid Funds was the entity responsible for furnishing the account information to Defendant is inaccurate.

65. Defendant's identification of United Student Aid Funds as the furnisher of information pertaining to the disputed accounts is inaccurate.

66. Information pertaining to the disputed accounts was furnished to Defendant by Navient, not United Student Aid Funds.

67. When Plaintiff disputed the manner with which Defendant was reporting the disputed accounts, Defendant contacted Navient to conduct an investigation into the nature of Plaintiff's dispute.

68. Upon information and belief, this misidentification of the furnisher of the disputed accounts was in conformity with Defendant's standard policies and procedures for the reporting of such accounts.

69. Reporting Navient rather than United Student Aid Funds as the furnisher of information pertaining to the disputed accounts was false, deceptive and misleading.

70. Because, upon information and belief, the misreporting of the furnisher of such accounts was in conformity with Defendant's standard policies and procedures for the reporting

of such accounts, the impact of the misreporting of the furnisher has been felt by, and will be felt by others in the future.

71. When Defendant reported to Plaintiff the results of its putative investigations, Defendant stated: "If our investigation has not resolved your dispute...[y]ou may contact the company that reports the information to us and dispute it directly with them."

72. Trans Union's investigation into Plaintiff's multiple disputes did not "resolve" Plaintiff's dispute and caused the disputed accounts to continue to be reported as past due and in collections.

73. Given the aforesaid statement, in Trans Union's investigation results, Plaintiff proceeded to contact the business entity that Trans Union had identified as the furnisher of the disputed account information and had identified as the business entity that Trans Union had contacted to conduct an investigation into Plaintiff's disputes – i.e., United Student Aid Funds.

74. Plaintiff contacted United Student Aid Funds on multiple occasions subsequent to her disputes to Trans Union.

75. Plaintiff contacted United Student Aid Funds directly to dispute the inaccurate information directly to it, but to no avail.

76. Despite her multiple disputes directly to United Student Aid Funds, Trans Union continued to publish credit reports containing the inaccurate information.

77. By failing to apprise Plaintiff of the fact that Navient not United Student Aid Funds was the business entity responsible for furnishing the inaccurate information and the business entity responsible for investigating Plaintiff's disputes, Trans Union deprived Plaintiff of fundamental information necessary to dispute the inaccurate information with the correct business entity.

78. Despite her multiple disputes to Trans Union, and despite her direct disputes to United Student Aid Funds, which as it has been revealed was neither the furnisher of the inaccurate account information nor the entity that investigated Plaintiff's disputes, Plaintiff was unable to have the inaccurate account information corrected.

79. Notwithstanding Plaintiff's efforts, Trans Union has continued to publish and disseminate the inaccurate information concerning the disputed accounts to other third parties, persons, entities and credit grantors.

80. Plaintiff's credit reports and file have been obtained from Trans Union and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers.

81. As a result of Trans Union's conduct, Plaintiff has suffered actual damages in the forms of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

82. At all times pertinent hereto, Trans Union was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Trans Union.

83. At all times pertinent hereto, the conduct of Trans Union, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

84. Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information,

has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

85. The conduct of Trans Union was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Trans Union is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

86. Unable to resolve her dispute, either directly to United Student Aid Funds or indirectly by submitting multiple disputes to Trans Union, Plaintiff retained legal counsel to further assist her in correcting the inaccurate information relative to the disputed accounts.

87. Counsel for Plaintiff, SmithMarco, P.C., reviewed documents pertaining to Plaintiff's disputes regarding the inaccurate information. Counsel noted that the disputed accounts were ostensibly being reported to Trans Union by United Student Aid Funds. Further, counsel noted that the investigation results from Trans Union regarding the disputed accounts reflected that United Student Aid Funds was the business entity that conducted the investigation into Plaintiff's disputes.

88. Given the foregoing, Plaintiff, through counsel, filed suit against United Student Aid Funds. The lawsuit was filed in the United States District Court for the Northern District of Indiana under general case number 3:18-cv-00656-JD-MGG.

89. Only through discovery with United Student Aid Funds did it become apparent that the information being reported by Trans Union, i.e., showing the disputed accounts being reported by United Student Aid Funds, was false and that the disputed accounts were actually being reported by Navient and the investigations into Plaintiff's disputes was undertaken by Navient. As a result,

Plaintiff had initiated suit against the wrong party and was compelled to amend her Complaint to name Navient as a co-defendant in that case.

90. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Denial of credit opportunities;

   b. Denial of statutorily-mandated disclosure of information regarding Defendant's reporting, necessary for Plaintiff to have an opportunity to mitigate Defendant's inaccurate reporting and prevent it from occurring in the future;

   c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

   d. Harm to reputation;

   e. Informational injury resulting from the concealment of vital information necessary for Plaintiff to properly dispute the inaccurate information with the appropriate business entity such that Plaintiff continued to dispute the inaccurate information with the wrong business entity; and,

   f. Informational injury resulting from the concealment of vital information necessary for Plaintiff to file suit against the appropriate business entity for its failure to conduct a reasonable investigation into Plaintiff's disputes.

91. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

92. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Trans Union is liable to Plaintiff for engaging in the following conduct:

   a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

    b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

    c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

    d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

93. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Trans Union is liable to Plaintiff and the Class for engaging in the following conduct:

    a. Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b); and,

    b. Willfully or negligently failing to provide Plaintiff with a notice that, if requested by Plaintiff, a description of the procedure used to determine the accuracy and completeness of the information shall be provided to Plaintiff by Trans Union, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number of such furnisher, if reasonably available, in violation of 15 U.S.C. §1681i(a)(6)(B)(iii).

## V.    CLASS ACTION ALLEGATIONS

94. Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following classes of individuals:

    a. **1681i(a)(6) Class:** All natural persons residing within the United States and its Territories who, beginning five (5) years prior to the filing of this Complaint and continuing through the conclusion of this action, (i) disputed information to Trans Union and who received investigation results from Trans Union (ii) the reinvestigation results did not state that Trans Union would provide, upon request, the business name, address, and telephone number of the furnisher of information contacted in connection with the consumer's dispute, (iii) Trans Union affirmatively identified in its reinvestigation results a business name it allegedly contacted in connection with the dispute, and (iv) Trans Union in fact contacted a different business entity in connection with the dispute.

    b. **1681e(b) Class**: All natural persons residing within the United States and its Territories who, beginning five (5) years prior to the filing of this Complaint

and continuing through the conclusion of this action, were the subject of a consumer report prepared by Trans Union and delivered to a third party which misidentified the furnisher of one or more items of information on the report.

95. Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

96. **Numerosity. Fed. R. Civ. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. Defendant sells thousands of consumer reports on consumers each year, and those persons' names and addresses are identifiable through documents maintained by Defendant.

97. **Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class and predominate over the questions affecting only individual members. The common legal and factual questions include, among others: (i) Whether Defendant violated section 1681i(a)(6)(B)(iii) of the FCRA by failing to provide the request notice to consumers of their right to obtain information pertaining to the business name, address, and telephone number of the furnisher of information contacted in connection with the consumer's dispute, and (ii) Whether Defendant violated section 1681e(b) of the FCRA by inaccurately identifying the furnisher of account information.

98. **Typicality. Fed. R. Civ. P. 23(a)(3)**. Plaintiff's claims are typical of the claims of each Class member, which all arise from the same operative facts and are based on the same legal theories.

99. **Adequacy. Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate representative of the Class because her interests are aligned with, and are not antagonistic to, the interests of the members of the Class she seeks to represent, she has retained counsel competent and experienced

in such litigation, and she intends to prosecute this action vigorously.  Plaintiff and her counsel will fairly and adequately protect the interests of members of the Class.

**100.**   **Predominance and Superiority.  Fed. R. Civ. P. 23(b)(3).**  Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy.  The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct.  It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them.  Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts.  Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct.  By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## VI.   CAUSES OF ACTION

### COUNT I
### Fair Credit Reporting Act, 15 U.S.C. § 1681e(b)
### (On behalf of Plaintiff and 1681e(b) Class)

101.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

102.   Defendant is a "person" and "consumer reporting agency" as defined by sections 1681a(b) and (f) of the FCRA.

103.   Plaintiff is a "consumer," as defined by section 1681a(c) of the FCRA.

104. The above-mentioned background reports are "consumer reports" as defined by section 1681a(d) of the FCRA.

105. Pursuant to sections 1681n and 1681o of the FCRA, Defendant is liable for negligently and willfully failing to maintain reasonable procedures to assure maximum possible accuracy of the consumer reports that it sold, in violation of 15 U.S.C. § 1681e(b) by systematically misrepresenting the identity of the furnisher of the information being reported.

## COUNT II
### Fair Credit Reporting Act, 15 U.S.C. §1681i(a)(6)(B)(iii).
### (On behalf of Plaintiff and Class)

106. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

107. Pursuant to section 1681n and 1681o of the FCRA, Defendant is liable for violating FCRA section 1681i(a)(6)(B)(iii) by systematically failing to provide notice, in response to a dispute by a consumer, that upon request, Trans Union shall provide the business name, address, and telephone number of the furnisher of information contacted in connection with the consumer's dispute, and instead identifying a specific business entity that it allegedly contacted in connection with the dispute, which was in fact not the actual entity contacted.

## COUNT III
### Fair Credit Reporting Act, 15 U.S.C. § 1681i(a)
### (On behalf of Plaintiff individually)

108. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

109. Pursuant to 15 U.S.C. §§ 1681n and 1681o, Defendant is liable to Plaintiff for violating the FCRA section 1681i(a) by failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff.

### V. JURY DEMAND

110. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KIMBERLY DEATON, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and the Class and against Defendant as follows:

a. That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

b. That judgment be entered against Defendant for statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a);

c. That judgment be entered against Defendant for punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

d. That judgment be entered for actual damages for Plaintiff pursuant to 15 U.S.C. §§ 1681n(a)(1) and/or 1681o(a)(1);

e. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and/or o; and

f. That the Court grant such other and further relief as may be just and proper.

Respectfully submitted,
**KIMBERLY DEATON,**
**On behalf of herself and**
**all others similarly situated**

  s/ James A. Francis
James A. Francis
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA19103
Telephone:	(215) 735-6000
E-Mail:	jfrancis@consumerlawfirm.com


  s/ David M. Marco
David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:	(312) 546-6539
Facsimile:	(888) 418-1277
E-Mail:	dmarco@smithmarco.com

Application for Admission
*pro hac vice* forthcoming

Dated: March 11, 2020